Reginald O'BRIEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 83 028 CR.

Court of Appeals of Texas, Beaumont.

Sept. 7, 1983.

Bruce Neill Smith, Smith & Thorne, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

PER CURIAM.

This appeal is brought on four grounds of error from an aggravated robbery conviction wherein punishment was assessed at eighteen (18) years in the Texas Department of Corrections.

In *Sheffield v. State,* 650 S.W.2d 813, 814 (Tex.Cr.App.1983), the Court (per curiam) wrote:

"To prevent any misunderstanding, we take this opportunity to emphasize that the summary refusal of a petition for discretionary review by this Court is of no precedential value. This is true where the petition is refused without opinion, as is the usual practice, as well as where the petition is refused with a brief opinion disavowing the reasoning employed by the Court of Appeals, as in the instant case. The Bench and Bar of the State should not assume that the summary refusal of a petition for discretionary review lends any additional authority to the opinion of the Court of Appeals. *Camp-*

were ever "on call". There was evidence that P.H.I. did not permit its pilots to do paperwork off the base.

*bell v. State,* 647 S.W.2d 660 (Tex.Cr.App. 1983)."

This being so, unless a new and novel question of law is involved in a case—or perhaps even where there is—a formal written opinion by a Court of Appeals serves no purpose under the current writ history citation format.

We have carefully reviewed this appeal and find no error. All of appellant's grounds of error are overruled, and the judgment of the trial court is affirmed. The authority we rely on in overruling the first ground of error is *Swink v. State,* 617 S.W.2d 203, 208 (Tex.Cr.App.1981), cert. denied, 454 U.S. 1087, 102 S.Ct. 648, 70 L.Ed.2d 624 (1981). *Hankins v. State,* 646 S.W.2d 191, 199 (Tex.Cr.App.1981), is the case we rely on in overruling appellant's second ground of error, and *Tex.Penal Code Ann. § 46.01(3)* (Vernon 1974) forms the basis of our action in overruling ground of error number three. *Tex.Rev.Civ.Stat. Ann. art. 3731a, § 4* (Vernon Supp. 1982–1983) supports our action in overruling appellant's fourth ground of error.